J-S01045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
            v.   :
  :
  :
  :
RAFAEL MORA POLANCO   :
  :
        Appellant   :   No. 1691 MDA 2022

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002569-2015

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:       **FILED: JUNE 4, 2024**

Appellant, Rafael Mora Polanco, appeals from the November 10, 2022 order denying as untimely filed his serial petition for relief under the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. (the "PCRA"). We affirm the order and grant leave for counsel to withdraw.

On direct appeal, this Court provided a detailed summary of the factual circumstances of this case. ***See Commonwealth v. Polanco***, 990 MDA 2017, 2018 WL 831851 at *1-*2 (Pa. Super., filed Feb. 13, 2018) (unpublished memorandum decision) (the "***Direct Appeal***"). In sum, this case concerns:

> … the shooting death of Jorge Marrero ("the victim"), in Hazelton, Pennsylvania, on the evening of June 11, 2015. … Specifically, the shooting was reported to police at 10:30 p.m., and the victim was pronounced dead at an area hospital at 11:00 p.m. ***Id***. at 1. The Commonwealth's subsequent investigation quickly revealed that Appellant killed the victim over a disputed cocaine transaction in

---

[*] Retired Senior Judge assigned to the Superior Court.

front of several eyewitnesses. *Id*. at 1-2. In connection with these events, Appellant was arrested and charged with criminal homicide.

*Commonwealth v. Polanco*, 90 MDA 2020, 2021 WL 929945, *1 (Pa. Super., filed Mar. 11, 2021) (unpublished memorandum decision) (the "**PCRA Appeal**"), *appeal denied*, 262 A.3d 1255 (Pa. 2021).

Appellant put forth an alibi defense, and testified that at the time of the murder:

> … he walked five to seven blocks from his mother's house to a Turkey Hill to purchase cigarettes. He then obtained a ride from a former girlfriend … to the hospital due to a cough he was experiencing. Appellant did not know when this occurred. A loss prevention manager for Turkey Hill testified that a video from June 11, 2015 shows a vehicle identified by [Appellant's former girlfriend] as hers, entering the Turkey Hill parking lot at 10:58 p.m.

*Id*. (quoting the **Direct Appeal** at 2). Appellant, however, had relied on an incorrect time stamp – one hour earlier – on the video to support his alibi. *Id*. at *2. It did not, because the former girlfriend testified that Appellant had called her at 10:41 p.m. and that she resided approximately 10 to 15 minutes away from the Turkey Hill where she met Appellant. *Id*. at *1. Her testimony was supportive of the correct time for the video. The shooting took place eleven minutes before Appellant called his former girlfriend. *Id*.

A jury convicted Appellant of murder in the first degree. The trial court sentenced Appellant to a term of life imprisonment without the possibility of parole. Appellant filed a timely direct appeal to this Court challenging the sufficiency of the Commonwealth's evidence. *Id*. On February 13, 2018, this

Court affirmed Appellant's judgment of sentence. ***Direct Appeal*** at *5. Appellant did not file a petition for allowance appeal with the Supreme Court of Pennsylvania. ***PCRA Appeal*** at *1.

On February 8, 2019, Appellant filed a timely *pro se* petition for relief under the PCRA. Counsel was appointed and filed a supplemental petition, which alleged that trial counsel was ineffective for failing to realize and/or advise Appellant that the time stamp on the video was incorrect, and, as a result of his misapprehension, caused Appellant to reject a Commonwealth offer to enter a guilty plea to murder in the third degree in exchange for a sentence recommendation of 20 to 40 years' imprisonment. After an evidentiary hearing, at which trial counsel testified that he had alerted Appellant to the inconsistent time stamp, the PCRA court denied the petition. On March 11, 2021, this Court affirmed the PCRA court's order denying relief. ***PCRA Appeal*** at *2-*4.[1]

On August 24, 2022, Appellant filed *pro se* a second petition for PCRA relief.[2] On October 4, 2022, the PCRA court issued a Notice of Intention to

---

[1] On February 10, 2022, Appellant filed a Petition for a Writ of Habeas Corpus in federal court, approximately 120 days after the statute of limitations had expired. It was dismissed as time barred. ***See Polanco v. Commonwealth***, 2022 WL 16540079, *2-*4 (M.D. Pa, filed Oct. 28, 2022).

[2] Appellant's *pro se* second PCRA petition alleged the ineffective assistance of; trial counsel for not having shown him documents produced in discovery, including the evidence that the date stamp on the video was incorrect; and direct appeal counsel for not having raised a weight of the evidence claim. In addition, Appellant alleged PCRA court error in making a credibility ruling in
*(Footnote Continued Next Page)*

Dismiss in accordance with Rule of Criminal Procedure 907 and served the notice on Appellant the same date. Supplemental PCRA Court Opinion, 2. Appellant sought an extension of time to amend his petition. On November 10, 2022, the PCRA court dismissed the petition because it was not timely filed and lacked merit. *Id.*

Appellant filed a timely appeal of the order dismissing his serial petition. Initially, he failed to file an ordered Rule 1925(b) Statement. *See* PCRA Court Opinion, dated Jan. 27, 2023. While this appeal was pending, present counsel was appointed to represent Appellant and permitted to file a Rule 1925(b) Statement. *See* Supplemental PCRA Court Opinion, 2-3. Counsel raised two claims in the Rule 1925(b) Statement. *See* Certified Record – S11, Statement of Matters Complained of on Appeal, filed May 9, 2023. Subsequently, in response to Appellant's *pro se* motion for the removal of appointed counsel, this Court issued an order dated on April 26, 2023, to the PCRA court to hold

_____

trial counsel's favor, and alleged a putative newly-discovered evidence in concert with a ***Brady v. Maryland***, 373 U.S. 83 (1963), claim against trial counsel for failing to disclose to Appellant discovery concerning the incorrect time stamp on the video that had been produced by the Commonwealth prior to his rejection of a plea deal. Appellant's Second Motion for Post Conviction Relief, 3-6. Two of these allegations were encompassed within Appellant's first PCRA petition for which a hearing was held. The allegation of direct appeal counsel's ineffectiveness could have been raised in the first PCRA petition. Yet, Appellant did not allege first PCRA counsel's ineffective assistance. The allegation of PCRA court error could have, and properly should have been raised, during the first PCRA appeal. As discussed, *infra*, Appellant did not assert an exception to the time bar and none of the allegations made would qualify as an exception under the circumstances of this case as all of the claims were ascertainable no later than the litigation of the first PCRA petition.

an on-the-record inquiry pursuant to ***Commonwealth v. Grazier***, 713 A.3d 81 (Pa. 1998), to determine whether Appellant wished to proceed with appointed counsel or *pro se*. Superior Court Order, filed April 26, 2023. The order stayed the briefing schedule. On June 6, 2023, the PCRA court reported to this Court that after a ***Grazier*** hearing, Appellant had decided to proceed with assigned counsel. ***See*** Response to Order, filed June 6, 2023.

Counsel filed a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), addressing the two allegations of trial counsel's ineffective assistance: (1) "failing to properly advise [Appellant] with regard to a plea deal"; and, (2) "in failing to properly prepare for trial in failing to disclose discovery material" to Appellant. Rule 1925(b) Statement. Counsel explained that Appellant's second PCRA petition was facially untimely for which no exception was apparent, there was no merit to Appellant's previously litigated claims, and filed a motion to withdraw as counsel. The motion to withdraw was served on Appellant after an order issued by this Court. ***See Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006). To date, Appellant has not filed a response to counsel's letter.

Before we consider Appellant's issues, we must review counsel's request to withdraw. Pursuant to ***Turner***/***Finley***, independent review of the record by competent counsel is necessary before this Court will permit withdrawal on collateral appeal. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009), ***abrogated on other grounds by Commonwealth v. Bradley***, 261

A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* The Court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that Appellant's counsel has complied with each of the above requirements. Counsel discussed the two issues raised on appeal and addressed the PCRA court's analysis where appropriate. ***Turner*/*Finley*** Brief, at 6-8. Based on this analysis, counsel concludes that Appellant's claims are time-barred and meritless. ***Id.***

In addition, counsel sent Appellant copies of the ***Turner*/*Finley*** Brief, and separately by letter his petition to withdraw in which he advised Appellant of his rights in lieu of representation. ***See id.*** at 9-10; Petition to Withdraw as Counsel, filed 10/26/2023; Response to Order - Letter to Appellant, filed 10/27/2023. Because counsel has complied with the ***Turner*/*Finley*** requirements, we proceed with the analysis of Appellant's claims based on our independent review of the record.

We review an order denying a PCRA petition to determine whether the PCRA court's decision is supported by the evidence of record and free of legal

error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

We begin with the PCRA court's finding that Appellant untimely filed his PCRA Petition and failed to plead and prove an exception to the PCRA's time bar. Supplemental PCRA Court Opinion, 6/29/22, 4-5. Indeed, at no point before the PCRA court did Appellant raise the possibility that an exception to the PCRA time bar might apply. *Id*. As a result, the PCRA court determined it was without jurisdiction to address the merits of Appellant's petition. *Id*. at 5. We agree.

The timeliness of a PCRA petition is a threshold jurisdictional matter that must be addressed. *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012). The timeliness restrictions of the PCRA "are jurisdictional in nature and are to be strictly construed." *Commonwealth v. Stokes*, 959 A.2d 306, 309 (Pa. 2008). Whether a petition is timely raises a question of law. *See Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008). Our standard of review for a question of law is *de novo* and our scope of review plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013). An untimely petition renders this Court without jurisdiction to afford relief. *Taylor*, 65 A.3d at 468; *Gandy*, 38 A.3d at 903.

Any petition for relief under the PCRA, including a second or subsequent petition, "shall be filed within one year of the date on which the judgment of

sentence becomes final." 42 Pa.C.S. § 9545(b)(1).[3] Here, Appellant's sentence became final on March 15, 2018 – the last day on which he could have sought review by the Pennsylvania Supreme Court but did not do so. Thus, Appellant's serial petition, filed on August 24, 2022, was facially untimely by three years.

Petitioner had to plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements in the petition. **See** 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008); **Commonwealth v. Geer**, 936 A.2d 1075, 1078–1079 (Pa. Super. 2007). Where "the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Woods**, 179 A.3d 37, 42 (Pa. Super. 2017); **Taylor**, 65 A.3d at 468; **Perrin**, 947 A.2d at 1285.

In his serial petition, Appellant did not address the time bar, much less invoke an exception to the timeliness requirements of the PCRA. He referenced "newly discovered evidence" and asserted a putative **Brady** claim (alleged against trial counsel, not the Commonwealth), which references were only to evidence produced by the Commonwealth in discovery prior to trial and about which Appellant either knew at trial or by the time he filed his first PCRA petition. In any event, neither reference invoked an exception to the time bar, nor could they satisfy the only plausibly relevant exception for newly

---

[3] A "second or subsequent petition must present a strong prima facie showing that a miscarriage of justice may have occurred." **Stokes**, 959 A.2d at 309.

discovered evidence. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Moreover, as both the PCRA court and appointed counsel recognized, the specific claims raised were previously litigated in the first PCRA proceeding and thereby not a proper basis for relief. 42 Pa.C.S. § 9543(a)(3) (a petitioner must plead and prove, among other things, that "the allegation of error has not been previously litigated or waived").

We note further that Appellant did not assert any exception to the time bar to permit review of his serial petition in response to the court's Rule 907 notice. The court's notice specified the petition was untimely without an applicable exception, among other reasons, for dismissal. Rule 907 Notice, 2. Instead, Appellant sought an extension of time and leave to amend his petition, which motion was filed on October 28, 2022. Within the motion, he cited that the additional time would be used to amend the petition, seek relief through a writ of habeas corpus, research and raise issues with the court, and respond to the Rule 907 Notice. Appellant's Motion for Extension of Time and Leave to Amend, 2.

Even if we were to assume, despite his silence, that Appellant intended to assert an exception to the time bar in a future amendment, counsel did not preserve that issue for appeal. *Taylor*, 65 A.3d at 468. Additionally, a PCRA court's decision to dismiss an untimely petition, even absent directing an amendment, would not warrant reversal where our review indicates that the claim does not fall within a timeliness exception. *Id*.; *Commonwealth v. Hromek*, 232 A.3d 881, 885 (Pa. Super. 2020).

As the Pennsylvania Supreme Court has explained, the decision to grant leave to amend a PCRA petition is an act of discretion:

> Pursuant to this Rule, PCRA courts are invested with the discretion to permit amendment of a pending, timely-filed post-conviction petition which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice. Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court.

*Commonwealth v. Crispell*, 193 A.3d 919, 930 (Pa. 2018) (citation and internal quotation marks omitted). *See also Commonwealth v. Porter,* 35 A.3d 4, 12 (Pa. 2012) (leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing"). Here, Appellant's petition was a facially untimely serial petition which did not have any arguably meritorious claims to present based on the existing record. Because amendment of the petition would only serve to delay resolution, this Court would conclude, even if the question had been raised, that the PCRA court had not abused its discretion. *See, e.g., Commonwealth v. Williams*, 732 A.2d 1167, 1191-92 (Pa. 1999) (discerning no abuse of the PCRA court's discretion in denying leave to amend a petition "[g]iven the generality of th[e] claim and the timing of its assertion" after the PCRA court indicated its intent to dismiss the petition).

Application to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/04/2024